**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

ADK PLAZA-CENTRUM, LLC                                CIVIL ACTION

versus
                                                                        23-1405-SDD-EWD
INDEPENDENT SPECIALTY INSURANCE
COMPANY, ET AL.

## RULING

      This matter comes before the Court on the Motion to Compel Arbitration[1] filed by Independent Specialty Insurance Company ("Independent Specialty"), Certain Underwriters at Lloyd's, and Other Insurers Subscribing to Binding Authority B604510568622021 (collectively, the "Insurers" or "Defendants"). Plaintiff, ADK Plaza-Centrum, LLC ("ADK Plaza-Centrum" or "Plaintiff") filed an Opposition,[2] to which Defendants filed a Reply.[3] For the following reasons, the Defendants' motion will be granted.

## I.  FACTS AND PROCEDURAL BACKGROUND

      Plaintiff owns a commercial property (the "Property") in Baton Rouge, Louisiana.[4] The Property sustained significant damage as a result of Hurricane Ida in August 2021.[5] At the time of the storm, the Property was insured by an insurance policy (the "Policy") that was underwritten by multiple insurers, named as Defendants.[6] The Defendants are comprised of both domestic and foreign insurers. The Policy was effective from August

---

[1] Rec. Doc. 6.
[2] Rec. Doc. 10.
[3] Rec. Doc. 15.
[4] Rec. Doc. 10, p. 1.
[5] *Id*.
[6] *Id*.; *See* pg. 4 infra.

28, 2021 through August 28, 2022.[7] At the time of the loss, the Plaintiff did not own the Property.[8] The previous owner and policy holder made a claim against the Policy.[9] The claim was assigned to Plaintiff once he gained ownership of the Property.[10] Plaintiff filed suit in state court against Defendants claiming that they breached the Policy by failing to "timely tender adequate funds that are owed to Plaintiff under the [P]olicy" and that they conducted the investigation of Plaintiff's claim in bad faith.[11] In September 2023, the Defendants removed the action to this Court and filed the instant motion to compel arbitration.[12]

## II.    LAW AND ANALYSIS

### A.  Motion to Compel Arbitration

The Fifth Circuit's arbitrability analysis is well settled. The Court must first determine whether the parties agreed to arbitrate the dispute. This inquiry involves two considerations: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."[13] "If the court finds that the parties agreed to arbitrate, the court typically 'must consider whether any federal statute or policy renders the claims nonarbitrable.'"[14]

The parties do not dispute that the Policy contains an arbitration clause, nor do the parties disagree that the dispute in question falls within the scope of that arbitration

---

[7] *Id*.
[8] *Id* at Footnote 1.
[9] *Id*.
[10] *Id*.
[11] Rec. Doc. 1-3, p. 5, ¶¶ 27–28.
[12] Rec. Docs. 1 and 6.
[13] *Polyflow, L.L.C. v. Specialty RTP, L.L.C.*, 993 F.3d 295, 302 (5th Cir. 2021) (citing *Will-Drill Res. v. Samson Res.*, 352 F.3d 211, 214 (5th Cir. 2003)).
[14] *Id*.

agreement. The issue is whether the arbitration clause is enforceable by foreign and domestic insurers under Louisiana law.

Defendants argue that the New York Convention (the "Convention") requires the Court to enforce the arbitration clause.

> The Convention is an international treaty that provides citizens of signatory countries the right to enforce arbitration agreements. Its purpose is "to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[15] The FAA codifies the Convention, providing that it "shall be enforced in United States courts in accordance with [the FAA's terms]."[16]

When deciding whether the Convention requires compelling arbitration, the Court "conduct[s] only a very limited inquiry."[17] The Court should compel arbitration if (1) a written agreement to arbitrate the matter exists; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen.[18] If these requirements are met, the Convention requires the district court to order arbitration "unless it finds that the arbitration agreement is null and void, inoperative or incapable of being performed."[19]

Defendants argue that all four requirements are met here because: (1) there is a written arbitration agreement contained in the Policy; (2) the agreement provides for arbitration in New York and the United States is a Convention signatory; (3) this

---

[15] *Bufkin Enterprises, L.L.C. v. Indian Harbor Ins. Co.,* 96 F.4th 726, 730 (5th Cir. 2024) (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506 (1974)).
[16] *Id* (citing 9 U.S.C. § 201).
[17] *Id* (citing *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004)).
[18] *Id*.
[19] *Id*.

agreement arises out of a commercial relationship between the parties; and (4) two of the Insurers, namely RenaissanceRe Corporate Capital (UK) Limited and RenaissanceRe Specialty U.S. LTD who are among the Lloyd's Underwriters, are not American citizens.[20]

Plaintiff does not dispute that these foreign insurers "may have an enforceable arbitration agreement."[21] But Plaintiff contends that it holds a separate insurance contract with each insurer; therefore, the Court should analyze each contract separately.[22] And, as it relates to the domestic Defendant/Insurer, Independent Specialty, Plaintiff argues that the arbitration clause is not enforceable under Louisiana Revised Statute § 22:868.[23]

Louisiana Revised Statute § 22:868(A) states that no insurance contract that covers subjects that are located in, or are to be performed, in Louisiana shall contain "any condition, stipulation, or agreement" that "[d]epriv[es] the courts of this state of the jurisdiction of action against the insurer."[24] Accordingly, Plaintiff argues that the Court should deny the motion to compel with respect to Independent Specialty because state law "generally prohibits" arbitration clauses in insurance contracts.[25]

The Court finds that the Convention does apply to the foreign insurers and therefore arbitration is appropriate with respect to these Defendants. The Court also finds that the parties maintain separate contracts. Here, the Policy states, "[t]his contract shall be constructed as a separate contract between the Named Insured and each of the Insurers."[26] The Defendants argue that even if the contracts are separate, the Convention

---

[20] Rec. Doc. 6-1, pp. 3–4, 9.
[21] Rec. Doc. 10, p. 4.
[22] *Id*.
[23] *Id* at p. 2.
[24] La. R.S. 22:868(A)(2).
[25] Rec. Doc. 10, p. 5 (citing *City of Kenner v. Certain Underwriters at Lloyd's, London, et al*., No. 21-2064, 2022 WL 307295 at *1 (E.D. La. 2/2/2022) and *Next Level Hospitality, LLC v. Independent Specialty Ins. Co.*, 2023 WL 2771583 at *2 (W.D. La. 3/31/2023)).
[26] Rec. Doc. 6-2, p. 64.

nonetheless applies to Independent Specialty, the domestic insurer, because the Fifth Circuit has previously held that the fourth requirement of the Court's inquiry can be met when "the commercial relationship giving rise to [the agreement] is reasonably related to a foreign state."[27] According to Defendants, the arbitration agreement "simply would not exist" if not for the foreign insurers, and all the insurers subscribed to the arbitration agreement.[28] The Defendants are correct on these two points; nevertheless, this does not result in the Court finding that the Convention applies to the domestic insurer.

In *Freuedensprung v. Offshore Tech Servs., Inc.*, the Fifth Circuit explained that the commercial relationship will be "reasonably related" to a foreign state if "the relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states."[29] Here, the Court finds that none of these circumstances apply to the facts herein. The property is domestic, the performance at issue must be done domestically, and the Defendants have provided no evidence of any reasonable relation to a foreign state to satisfy this fourth requirement. Thus, the Court will not compel arbitration under the Convention with respect to Independent Specialty, at least on this basis.

Regarding whether state law prohibits compelling arbitration as to Independent Specialty, the Court finds that "§ 22:868 does not come into play"[30] because equitable estoppel principles oblige the Court to find that all parties should resolve this case through arbitration under the Convention. The facts and findings in *Bufkin Enterprises, LLC v.*

---

[27] Rec. Doc. 15, p. 2 (citing *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004)).
[28] *Id* at p. 3.
[29] *Freudensprung,* 379 F.3d at 340 (citing 9 U.S.C. § 202).
[30] *Bufkin Enterprises, L.L.C.,* 96 F.4th at 732.

*Indian Harbor Insurance Company* control the Court's analysis.[31] In *Bufkin*, the Fifth Circuit considered a motion to compel arbitration brought by a group of domestic insurers.[32] The plaintiff, Bufkin Enterprises, owned property in Louisiana and purchased surplus lines insurance coverage issued by ten insurers—eight of which were domestic insurers and two were foreign insurers.[33] The insurance policy stated that "this contract shall be construed as a separate contract between Bufkin and each of the insurers."[34] The policy also included an arbitration provision providing that "[a]ll matters in difference between Bufkin and the insurers. . .shall be referred to an Arbitration Tribunal."[35] The Fifth Circuit concluded that even if the court found that Bufkin Enterprises had separate contracts with each of these insurers, arbitration must still be compelled pursuant to the doctrine of equitable estoppel.[36] The Fifth Circuit explained that "[a]s a general matter, Louisiana courts have applied equitable estoppel to enforce arbitration agreements."[37] The court found that it was appropriate to compel arbitration under the Convention because the plaintiff had alleged substantially interdependent and concerted conduct by the domestic and foreign insurers.[38] The court pointed to the facts that the plaintiff's petition did not differentiate the conduct of the foreign and domestic insurers and the plaintiff submitted its insurance claim to all the insurers.[39] Finally, the court rejected the plaintiff's argument that compelling arbitration would "run against Louisiana public policy" because § 22:868 cannot reverse preempt the Convention because the McCarran

---

[31] 96 F.4th 726.
[32] *Id.*
[33] *Id* at 727.
[34] *Id* at 728.
[35] *Id.*
[36] *Id* at 730.
[37] *Id.*
[38] *Id* at 732–33.
[39] *Id* at 731–32.

Ferguson Act does not apply to treaties.[40] Therefore, the Fifth Circuit concluded that "the arbitration agreement between the parties is subject to the Convention *through* equitable estoppel. There is no tension between this position and Louisiana law."[41]

Here, the Courts finds analogous facts. Plaintiff refers to all Defendants collectively as "Defendants" throughout its petition, and there are no allegations specific to any one defendant.[42] Plaintiff argues that equitable estoppel should not apply here because Plaintiff did not allege that the Insurers "acted 'collectively' or 'in unison.'"[43] The Court is not convinced by this argument because, as Defendants point out, Plaintiff "fails to 'differentiate the wrongdoing of each defendant.'"[44]

Moreover, Defendants rely on *Port Cargo Serv., LLC v. Certain Underwriters at Lloyd's London*, in which the Eastern District of Louisiana found that the doctrine of equitable estoppel should be used to compel arbitration.[45] In that case, the insurance policy stated that the plaintiffs had separate contracts with each domestic and foreign insurer, but the operative policy language was identical among all insurers, and there were no allegations that one specific insurer breached the policy.[46] Therefore, the Eastern District determined that the coverage arguments, the evidence, and the alleged breach would be "identical" as to all the insurers.[47] Here, the facts are again analogous. While

---

[40] *Id* at 732. ("The McCarran-Ferguson Act permits states to reverse-preempt an otherwise applicable 'Act of Congress' by enacting their own regulations of the insurance industry." *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 431 (5th Cir. 2019), *as revised* (June 6, 2019). But, "[a]n 'Act of Congress,' as referred to in the [Act], does not include a treaty such as the Convention, which 'remains an international agreement or contract negotiated by the Executive Branch and ratified by the Senate, not by Congress." *Id* at 431–32.).
[41] *Id* at 733.
[42] Rec. Doc. 1-3.
[43] Rec. Doc. 10, p. 7.
[44] Rec. Doc. 15, p. 7.
[45] 2018 WL 4042874 (E.D. La. Aug. 24, 2018).
[46] *Id* at *7.
[47] *Id*.

the Policy must be construed as a separate contract between Plaintiff and each of the Insurers, and provides that the liability of each insurer is "several and not joint with the other insurers party to this contract," the operative policy language is identical among all Insurers.[48] Accordingly, there is nothing to suggest that the evidence or the relief sought is distinct among the Defendants. "The linchpin for equitable estoppel is equity—fairness."[49] The Court finds that this principle requires the Court to grant the motion to compel arbitration. Furthermore, the Court concludes this finding does not "run against" § 22:868.

Pursuant to 9 U.S.C. § 3,[50] the Court will stay this matter until the parties have participated in arbitration in accordance with the terms of the Policy.

## III.  CONCLUSION

Accordingly, for the foregoing reasons, the Court finds that Defendants' Motion to Compel Arbitration[51] is hereby **GRANTED**. This matter is **STAYED** pending the resolution of this dispute in arbitration.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on this   11th  day of July, 2024.

_____

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[48] Rec. Doc. 6-2, pp. 36, 61, and 63.
[49] *Bufkin Enterprises, L.L.C.*, 96 F.4th at 730 (citing *Grigson v. Creative Artists Agency L.L.C.,* 210 F.3d 524, 528 (5th Cir. 2000)).
[50] This statute states: If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.
[51] Rec. Doc. 6.